NOT FOR PUBLICATION

RECEIVED
MAR - 9 2018
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARC ROSS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 17-8890

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court on the application filed by Plaintiff Marc Ross ("Plaintiff") to proceed *in forma pauperis* without prepayment of fees, pursuant to 28 U.S.C. § 1915. (ECF No. 1-1.) The Court notes that Plaintiff appears *pro se* in this matter. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 U.S.C. § 1915 and will direct that the Complaint be filed.

In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, litigants who wish to proceed *in forma pauperis* must file an application to do so which includes an affidavit of indigence that states the individual's total income, all assets, and inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). In this case, it appears that Plaintiff has satisfied the first inquiry. Plaintiff claims that he has no income, he has been unemployed for several years, he receives $210 per month in public assistance which he has been collecting since 2012, he receives a monthly disbursement from the Supplemental Nutrition Assistance Program (SNAP), he has

regular household expenses of $190 per month, he lives with his parents but worries his housing situation may be temporary because his parents are senior citizens and may soon change their residence, and he has received continuous treatment for mental and physical conditions since roughly 2007, which costs between $100 and $225 every month (*see* ECF No. 1-2 at 5–6). Plaintiff also noted that the SSA Appeals Council designated his case one of "dire need" in the summer of 2017. (*Id.* at 6.) The Court finds that Plaintiff is eligible to proceed *in forma pauperis*.

Second, the Court determines whether the complaint should be dismissed. A complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief. *See Roman*, 904 F.2d at 194 n.1; 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted). Here, Plaintiff appeals a final decision of Defendant, the Commissioner of Social Security. The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and is not persuaded that *sua sponte* dismissal of the Complaint is warranted. For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order will follow.

Date: 3/9/18

ANNE E. THOMPSON, U.S.D.J.

2